IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MALCOLM J. JACKSON, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:24-cv-113-CDL-AGH |
| | : | |
| Warden GREGORY SAMPSON, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# ORDER

In accordance with the Court's previous orders and instructions, Petitioner Malcolm J. Jackson filed an amended petition on the Court's standard form.[1] It is therefore **ORDERED** that Respondent file an answer to the allegations of the amended petition (ECF No. 9) within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why

---

[1] It is not entirely clear whether the amended petition (ECF No. 9) was filed in response to the Court's November 19, 2024 Order to file a recast petition encompassing all claims he intends to make in this action (ECF No. 8) or the September 24, 2024 Order to file a recast petition in Case Number 4:24-cv-00116-CDL-AGH, which was consolidated into the above-captioned action. Although the amended petition is labeled with Case Number 4:24-cv-00116-CDL-AGH, Petitioner states it was filed in response to an order received on November 26, 2024. *See* Am. Pet. 17, ECF No. 9; *see also* Am. Pet. Attach. 1, ECF No. 9-1 (mailroom stamp from Dooly State Prison indicating Petitioner received order on November 26, 2024). In addition, Petitioner has not filed any other document that could possibly be considered responsive to the November 19, 2024 Order, and the time for responding to that Order expired. The Court therefore assumes the amended petition was intended to comply with the November 19, 2024 Order, and it thus encompasses all claims he intends to raise in this action. If this assumption is incorrect, Petitioner should move to amend his amended petition in accordance with the Federal Rules of Civil Procedure.

2

the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 30th day of December, 2024.

                                                s/ *Amelia G. Helmick*
                                                UNITED STATES MAGISTRATE JUDGE